# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDREW M. OBRIECHT,

        Plaintiff,

v.                                                 Case No. 05-C-1171

MATTHEW J. FRANK, BYRON BARTOW,
CHONA ARONG, DANIEL LEHMAN,
THOMAS MICHOLOWSKI, and WENDY NIEL-ELLISON,

        Defendants.

## ORDER

Plaintiff, Andrew Obriecht, who is presently incarcerated at the Kettle Moraine Correctional Institution, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, claiming that he was transferred to the Wisconsin Resource Center and forced to take medications without adequate procedural due process. By order of December 26, 2006, the court granted the defendants' motion for summary judgment based on the plaintiff's failure to exhaust his administrative remedies with respect to both of his procedural due process claims. The plaintiff filed a motion to alter the judgment which was denied on March 20, 2007, and a motion to reconsider that denial, which was also denied on April 18, 2007. The plaintiff then appealed all three decisions to the Court of Appeals for the Seventh Circuit, which affirmed the grant of summary judgment due to the plaintiff's failure to exhaust his administrative remedies, stating:

> If Mr. Obriecht really did file the offender complaints when he said he did, then he could have – and should have – presented them to the district court before it rendered judgment. Mr. Obriecht offers no reason why he could not have done so. We therefore conclude that the district court did not abuse its discretion in denying Mr. Obriecht's motion.

*Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Presently before the court is yet another motion by the plaintiff, filed May 29, 2008, and captioned "Rule 60(b)(6) Motion to Alter or Amend Judgment." In this motion, the plaintiff once again attempts to reargue the merits of the district court's summary judgment motion, contending that he has only now noticed errors in the defendants' reply to his response to their findings of fact. The plaintiff's filing is inappropriate as it essentially attempts to appeal the decision rendered by the Court of Appeals for the Seventh Circuit. The proper forum to appeal that appellate decision is the Supreme Court of the United States, not this district court. In addition, the plaintiff's argument lacks merit. Regardless of any errors made by the defendants in the proposed findings of facts, the state of the record remains that the plaintiff did not submit copies of his purported offender complaints until after summary judgment was rendered.

Accordingly,

**IT IS ORDERED** that the plaintiff's "Rule 60(b)(6) Motion to Alter or Amend Judgment" (Docket #104) is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 18th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge